Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@ toddflaw.com
**Attorneys for Plaintiff,**
**CHARLES DENTON**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| CHARLES DENTON, individually and on behalf of all others similarly situated, <br><br>        Plaintiff, <br><br>   vs. <br><br> MORONGO GAMING ASSOCIATION, TRIBAL ADMINISTRATION, MORONGO CASINO RESORT & SPA and DOES 1 to 100, inclusive, <br><br>        Defendants. | **CASE NO.:** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS Of THE FAIR LABOR STANDARDS ACT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff CHARLES DENTON (hereinafter "Plaintiff"), hereby submits this Complaint against Defendants MORONGO GAMING ASSOCIATION, TRIBAL ADMINISTRATION, MORONGO CASINO RESORT & SPA, and DOES 1 through 100, and other as yet unknown entities (hereinafter collectively referred to as "Defendants" or "MORONGO") on behalf of himself and all other NON-EXEMPT

employees of MORONGO, who were misclassified as exempt from the requirements of the Fair Labor Standards Act.

## INTRODUCTION

1.     This is a representative action for recovery of penalties under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 (B).

2.     Plaintiff brings this action as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

3.     Plaintiff seeks penalties and wages on behalf of himself and other current and former employees of defendants as provided herein.

4.     All allegations in this wage and hour Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and their counsel.  Plaintiff's information and beliefs are based upon, inter alia, the investigation conducted to date by Plaintiff and his counsel.  Each allegation in this wage and hour Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

5.     On information and belief, for at least three years prior to the filing of this action and through to the present, Defendants jointly employed Plaintiff and each of the Class Members throughout the United States of America, and maintained and enforced against Plaintiff and each of the Class Members the systemic policies, practices, and/or customs complained of herein.  Plaintiff seeks relief on behalf of himself, and the Class Members, as a result of systemic employment policies, practices and procedures, more specifically described below, which violate the FLSA, which have resulted in the failure of Defendants to pay Plaintiff and the Class Members all wages owed to them.

6.     "FLSA Period" shall mean the period from three years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter. Plaintiff herein reserves the right to amend this Complaint to reflect a different FLSA Period as discovery in this matter proceeds.

7.          Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard of the rights of all Class Members in failing to pay all minimum, regular and overtime wages due.

8.          Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and Class Members, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and each of the Class Members to timely payment of their wages.

## JURISDICTION AND VENUE

9.          This Court has original federal question jurisdiction under 28 U.S.C. Section 1331 for the claims brought under the *FLSA*, 29 U.S.C. Section 201, *et seq*.

10.          Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within the Central District of California and Defendant conducts business in the County of Riverside, California.

## **PARTIES**

11.          Plaintiff is informed and believes and based thereon alleges that Defendants MORONGO regularly does business throughout the State of California. Plaintiff is informed and believes and thereon alleges that Defendants, at all times herein mentioned, is and was doing business in the County of Riverside, State of California.

12.          Whenever in this Complaint reference is made to "MORONGO," such allegations collectively mean and refer to Defendants MORONGO GAMING ASSOCIATION, TRIBAL ASSOCIATION, and MORONGO CASINO RESORT & SPA, and their subsidiaries and divisions.

13.          Plaintiff CHARLES DENTON at relevant times herein was employed as a security staff member by Defendants in the county of Riverside, California.

14.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

15.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names.  Plaintiff prays for leave to amend this Complaint when the true names and capacities of said Doe Defendants become known to Plaintiff.  Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein, and proximately caused Plaintiff, as well as other Class Members and members of the general public, damages as more specifically identified below.

16.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and, furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

17.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and

acted within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19.     Plaintiff is further informed and believes and based thereon alleges, at all times herein material, each Defendants were completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

20.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS

21.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

22.     Plaintiff commonly begins work at 11:45 PM, and works until 8:00 AM. However, the hours on his personal pay stub reflect that while he worked 8.25 hours, he was paid for only 8 hours of work.  Similarly when Plaintiff would work shifts from 7:45 PM until 8:00 AM, he would be paid for 8 hours of regular time, and 4 hours of overtime, despite his pay stubs showing that he worked 12.25 hours.

23.     On information and belief, Defendant's timekeeping parameters automatically shave compensable time from employees' time records.  Such time shaving is performed automatically through the timekeeping system through pre-programmed parameters which either round employee time, or match it to the schedule, in a manner which systematically undercompensates employees, resulting in detrimental time shaving.

24.     Such discrepancies on Plaintiff's pay stub show that he and other Class Members are not being compensated properly for all hours worked, and Defendant is modifying the time clock to avoid paying Plaintiff what he is legally owed.

25.     On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt employees systemic policies and practices that resulted in Defendants not paying Plaintiff and other non-exempt employees all wages due, including without limitation, all minimum, regular, overtime, reporting time, hourly and/or piece-rate wages, and all meal and rest period wages, pursuant to Federal law.

26.     On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their non-exempt employees systemic policies and practices that required Plaintiff and the other non-exempt employees to report to work, but failed to compensate them for all time during which they were under the employers' control and/or permitted or suffered to work, whether or not required to do so.

27.     Defendants' policy and practice is to deny earned wages, including overtime pay, to its non-exempt hourly employees at its casino in California. In particular, Defendant requires its employees to be present and perform work in excess of eight hours per day and/or forty hours per work week but fails to pay them overtime accordingly, and further fails to pay for all straight time hours worked.

28.     The requirement to work overtime by non-exempt employees was frequent and unavoidable and employees were required to work overtime hours in order to complete their job duties, including after their shift, as well as on their meal and rest breaks.

29.     Defendant implements its unlawful policy and practice of failing to pay for all overtime hours worked by non-exempt employees under the following means: (a) Defendant does not allow them to record all hours worked, including hours in excess of forty per work week; and (b) Defendant erases or modifies their recorded hours, or requires them to erase or modify their recorded hours, to eliminate or reduce hours worked, including hours in excess of forty per work week.

30.     Defendant could easily and accurately record the actual time worked by all non-exempt employees.  However, the time clock is subject to manipulation, both by way of automated "rounding" parameters, which are used to automatically deduct time from non-exempt employees' time records, as well as manual adjustments made by managers.

31.     The net effect of Defendant's policy and practice, instituted and approved by company managers, is that Defendant willfully fails to pay overtime compensation and willfully fails to keep accurate time records, in order to save payroll costs. Defendant enjoys millions of dollars in ill-gained profits at the expense of its hourly employees.

32.     The wage and hour violations herein alleged were and are willful and deliberate, and were taken pursuant to, and resulted from Defendants' systemic policies, customs, and practices, which Defendants applied uniformly to Plaintiff and all members of the Plaintiff Class, and which have resulted in the unjust enrichment of Defendants at the expense of Plaintiff and members of the Plaintiff Class.

33.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and

expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under federal law, all to their respective damage in amounts according to proof at the time of trial.

34.     Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of United States' wage and hour laws.

## CLASS ACTION ALLEGATIONS

COLLECTIVE CLASS:

(FLSA Collective Class Actions)

35.     The FLSA Collective Class: Plaintiff brings the FLSA claim as a nationwide "opt-in" collective action pursuant to 29 U.S.C. Section 216(b), individually and on behalf of the following class of persons:

> All current and former non-exempt employees of MORONGO
> who have worked in the United States at any time during the last
> three years, plus periods applicable tolling.

36.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. Section 216(b) and who have previously filed consent to join forms in any transferred actions.

37.     Plaintiff, individually and on behalf of other similarly situated employees seek relief on a collective basis challenging among other FLSA violations, MORONGO's practice of failing to accurately to pay employees for all hours worked, including overtime compensation, and failing to properly calculate and pay overtime compensation that was recorded. The number and identity of other Plaintiff yet to opt in and consent to be party Plaintiff may be determined from MORONGO's records, and potential class members may easily and quickly be notified of the pendency of this action.

///

///

### FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(B))

### -BROUGHT BY PLAINTIFF AND THE COLLECTIVE CLASS-

38.    At all times material herein, Plaintiff have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

39.    The FLSA regulates, among other things, the payment of minimum wage pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206.

40.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

41.    MORONGO is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

42.    MORONGO violated the FLSA by failing to pay and properly calculate minimum wages, regular wages and overtime. In the course of perpetrating these unlawful practices, MORONGO has also willfully failed to keep accurate records of all hours worked by its employees.

43.    MORONGO failed to compensate Plaintiff and the Collective Class at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, MORONGO has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 207(a)(1).

44.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and the Collective Class.

45.    Plaintiff and the Collective Class are victims of a uniform and company-wide compensation policy. Upon information and belief, MORONGO is applying this uniform policy of illegally reducing or modifying recorded hours, including overtime to all non-exempt employees during the last three years. Additionally, MORONGO is applying its uniform policy of: refusing to allow Plaintiff and the Collective Class to properly record all hours worked, including hours worked in excess of forty per work week; erasing or modifying their time sheets to eliminate or reduce hours worked, including overtime hours; requiring them to work during uncompensated break and failing to pay overtime on bonus pay.

46.    For hours which are unlawfully shaved, Morongo pays its employees no wages at all, in violation of the minimum wage requirements. Where these hours occur in work weeks where the employee worked more than forty hours, Morongo also violates the overtime laws.

47.    Plaintiff and the Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because MORONGO acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

48.    MORONGO has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, ·Plaintiff and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find MORONGO did act with good faith and reasonable grounds in failing to pay overtime pay, Plaintiff and the Collective Class members are entitled to an award of pre-judgment interest at the applicable legal rate.

49.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by MORONGO from Plaintiff and the Collective Class. Accordingly, MORONGO is liable for compensatory

damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper. WHEREFORE, Plaintiff and the Collective Class, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed FLSA classes and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all members of the Collective Class members opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

b. A declaration that MORONGO is financially responsible for notifying all FLSA Class Members of its alleged wage and hour violations;

c. Designation of the Law Offices of Todd M. Friedman as the attorneys representing the putative collective action Plaintiff;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.;*

e. An award of damages for overtime compensation due to Plaintiff and the Collective Class, including liquidated damages, to be paid by MORONGO;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and post-Judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

///
///
///
///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and the Class Members pray for judgment as follows:

    1.     For nominal damages;

    2.     For compensatory damages;

    3.     For restitution of all monies due to Plaintiff, and disgorged profits from the unlawful business practice of Defendants;

    4.     For interest accrued to date;

    5.     For Civil Penalties;

    6.     For all minimum wages, regular wages, and overtime wages due;

    7.     For all penalties permitted by the FLSA;

    8.     For reasonable attorney's fees and costs; and

    9.     For all such other and further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all applicable claims.

Dated**:** June 6, 2017        **Law Offices of Todd M. Friedman, P.C.**

                       By:_/s/ Todd M. Friedman_____
                       Todd M. Friedman, Esq.
                       Adrian R. Bacon, Esq.
                       Attorneys for Plaintiff